UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL YASUNAGA,<br><br>　　　　Petitioner<br><br>　　v.<br><br>LOS ANGELES COUNTY<br>PROBATION DEPT.,<br><br>　　　　Respondent. | Case No. CV 15-4558-BRO (GJS)<br><br>ORDER: SUMMARILY DISMISSING PETITION WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY |

On June 16, 2015, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this district ("Petition"). Concurrently, Petitioner filed a signed "Consent to Proceed Before a United States Magistrate Judge," in which he signed a statement reading, "I voluntarily consent to have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment." (*See* Dkt. No. 2.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it

plainly appears that the Petition is fully unexhausted.[1] Therefore, the Petition must be dismissed,[2] for the following reasons.

## BACKGROUND

On June 20, 2012, Petitioner was convicted in the Los Angeles Superior

---

[1] The Court may raise exhaustion problems sua sponte and may dismiss a petition summarily for lack of exhaustion. *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998); *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

[2] "Upon the consent of the parties," a United States Magistrate Judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Petitioner is the only "party" to the proceeding to date, and he has consented to the jurisdiction of the undersigned United States Magistrate Judge. Respondent has not yet been served with the Petition and, therefore, is not yet a party to this action. *See, e.g. Travelers CAs. & Sur. Co. of Am. v. Brenneke,* 551 F.3d 1132, 1135 (9th Cir. 2009) ("'A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.'"). Indeed, given the unexhausted nature of the Petition, and this Court's attendant Rule 4 obligation dismiss the Petition summarily, serving the Petition upon Respondent would be inappropriate. When, as here, the petitioner has consented to magistrate judge jurisdiction and the respondent has neither been served with process nor appeared in the action, a magistrate judge may properly exercise consent jurisdiction over the case pursuant to Section 636(c)(1), including by ordering that dismissal of the action is warranted. *Wilhelm v. Rotman*, 680 F.3d 1113, 1119-21 (9th Cir. 2012) (holding that a magistrate judge had jurisdiction to dismiss a prisoner's 42 U.S.C. § 1983 action, *sua sponte* and pursuant to 28 U.S.C. § 1915A screening, when the prisoner checked the box on a consent form that read "The undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case," and no defendant had yet been served in the action); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants. However, because they had not been served, they were not parties to this action at the time the magistrate entered judgment. Therefore, lack of written consent from the defendants did not deprive the magistrate judge of jurisdiction in this matter."); *Allen v. Hill*, CV 13-4182, 2013 WL 6154205, at *3 n.3 (C.D. Cal. Nov. 22, 2013) (finding that a magistrate judge may dismiss a Section 2254 petition as untimely when the petitioner had consented to have a magistrate judge conduct all case proceedings in the case and respondent had not been served).

2

1  Court following a nolo contendere plea.  Petitioner alleges that the execution of his
2  sentence was suspended and he was to serve three years of probation following one
3  year in the County Jail.  (Petition at 2.)
4        Petitioner appealed, raising claims not alleged in the instant Petition.
5  (Petition at 3, Ex. 2.)  On December 11, 2012, Petitioner's conviction was affirmed
6  by the California Court of Appeal.  According to the California Court of Appeal's
7  opinion on direct appeal, Petitioner received a suspended sentence and three years'
8  formal probation.[3]  On January 3, 2013, the California Court of Appeal denied
9  rehearing.  Petitioner did not file a petition for review in the California Supreme
10  Court.
11        Petitioner filed a habeas petition in the trial court, which was denied on
12  March 15, 2013.  (Petition Ex. 4.)  Petitioner then filed two habeas petitions in the
13  California Court of Appeal.  The first (Case No. B2499520) was filed on June 24,
14  2013, and was denied on July 16, 2013.  (Petition Ex. 3.)  The second (Case No.
15  B259983) was filed on November 10, 2014, and was denied on November 25, 2014.
16  (Petition Ex. 5.)  As he admits in the verified Petition and as shown by the dockets
17  for the state courts, Petitioner has not filed any habeas petition or other post-
18  conviction filing in the California Supreme Court.
19
20                          **DISCUSSION**
21        Federal courts may not grant habeas relief to a person held in state custody
22  unless the petitioner has exhausted his available state court remedies as to each of
23  the issues presented.  28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 102 S. Ct. 1198,
24  1203 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may

---

[3]  The Court has reviewed the dockets for the California Supreme Court and the California Court of Appeal, which are available electronically, and the Court takes judicial notice of their contents pursuant to Rule 201 of the Federal Rules of Evidence.  *See* http://appellatecases.courtinfo.ca.gov.

3

review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1732 (1999) (emphasis added); *see also Baldwin v. Reese*, 124 S. Ct. 1347, 1349 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, i.e., give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 115 S. Ct. 887, 888 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). A state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court. *See Baldwin*, 124 S. Ct. at 1349 (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998).

Petitioner alleges, under penalty of perjury, that he has not challenged his conviction and/or sentence in the California Supreme Court. The truth of that allegation is confirmed by the Court's review of the electronically available dockets for the California Supreme Court, which show that Petitioner has not filed any proceeding in the California Supreme Court with respect to his 2012 conviction. Thus, Petitioner has not exhausted his present claims, because they have not been presented to or considered by the California Supreme Court. Accordingly, because the Petition is fully unexhausted, it must be dismissed without prejudice. *Rose*, 102

1  S. Ct. at 1205.[4]

2  For the foregoing reasons, it is plain from the face of the Petition that summary dismissal of the Petition is required by Rule 4, because it is unexhausted. Accordingly, IT IS ORDERED that: the Petition is dismissed, without prejudice, for failure to exhaust available state remedies; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 19, 2015.

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[4] A fully unexhausted federal habeas petition may not be stayed and must be dismissed. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing: "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); Jones v. McDaniel, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "Rhines stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted"); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (a district court is "'obliged to dismiss immediately'" a petition that contains no exhausted claims) (citation omitted).